**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-23889-RAR**

**REUVEN DESSLER**, *et al.*,

Plaintiffs,

v.

**THE TOWERHOUSE CONDOMINIUM, INC.**,

Defendant.
______________________________________/

**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**

**THIS CAUSE** comes before the Court on Defendant's Motion to Dismiss Second Amended Complaint ("Motion"), [ECF No. 69], filed on August 26, 2026.[1] Having considered Defendant's Motion, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion, [ECF No. 69], is **GRANTED** for the reasons stated herein.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When evaluating a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded factual allegations as true and draw all inferences in favor of the plaintiff. *Smith v. United States*, 873 F.3d 1348, 1351 (11th Cir. 2017). Although the court is required to accept all allegations contained in the complaint as true, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

[1] The Motion is fully briefed and ripe for adjudication. *See* Pls.' Opp'n to Def.'s Mot. ("Resp."), [ECF No. 72]; Def.'s Am. Reply to Pls.' Opp. to Def.'s Mot. ("Reply"), [ECF No. 78].

On July 27, 2026, the Court granted in part Defendant's Motion to Dismiss, [ECF No. 44], dismissing Counts I, II, III, IV, V, VI, VII, IX, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, and XIX of Plaintiffs' Amended Complaint with prejudice, and directing Plaintiffs to file a Second Amended Complaint. *See* Order Granting in Part Defendant's Motion to Dismiss ("Order"), [ECF No. 65] at 20–21. On August 6, 2026, Plaintiffs filed a Second Amended Complaint ("SAC"), [ECF No. 66], alleging three counts against Defendant. Counts I and III allege discriminatory statements pursuant to the Fair Housing Act ("FHA"), 42 U.S.C. § 3604(c), and the Florida Fair Housing Act ("FFHA"), Fla. Stat. § 760.23(3). *See* SAC ¶¶ 185–191; 200–207. And Count II alleges discrimination on the basis of religion under the FHA, 42 U.S.C. § 3617. SAC ¶¶ 192–199.

Defendant now moves to dismiss the Second Amended Complaint on three grounds: (1) that Counts I and III fail to allege that "any discriminatory remarks were made in connection with Plaintiffs' purchase of their unit"; (2) that Count II fails to allege that Defendant's conduct was so severe or pervasive that it interfered with Plaintiffs' exercise of their housing rights; and (III) that the Complaint is a shotgun pleading. *See generally* Mot. The Court addresses each argument in turn.[2]

**I. The Second Amended Complaint is not shotgun in nature.**

The Court begins with the threshold question of whether the Second Amended Complaint is an impermissible shotgun pleading. Defendant avers that the "Second Amended Complaint is neither short nor plain" and "is replete with immaterial allegations concerning Plaintiffs' disabilities" despite the fact that all of Plaintiffs' disability claims have been dismissed with prejudice. Mot. at 8–9.

---

[2] The Court writes only for the parties who are already familiar with the facts. A detailed factual recitation can be found in the Court's prior Order Granting in Part Motion to Dismiss. *See* Order at 2–4.

While the Court agrees that the Second Amended Complaint is "not a model of clarity", *see Moore v. Univ. of Miami*, No. 24-22878, 2025 WL 886977, at *3 (S.D. Fla. Mar. 21, 2025), it does not fail to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Indeed, Defendant's Motion contradicts their shotgun characterization, revealing that Defendant does in fact understand the legal and factual bases underlying each count. *Charles v. GEO Grp. Inc.*, No. 22-13891, 2024 WL 1619911, at *3 (11th Cir. Apr. 15, 2024) (finding that the district court abused its discretion by dismissing plaintiff's first and second amended complaints as shotgun pleadings because "[d]espite the pleading deficiencies identified by the court, it is not virtually impossible to understand [plaintiff's] claims or which allegations of fact are intended to support which claim(s) for relief." (internal quotations omitted)). Accordingly, the Court declines to dismiss Plaintiff's Second Amended Complaint on this basis.

**II. Plaintiffs fail to state a claim under 42 U.S.C. § 3604(c) and Fla. Stat. § 760.23(3).**

Count I alleges that "Defendant, through its actions and the actions of its agents described above, is liable under § 3604(c) which prohibits the 'mak[ing] . . . any . . . statement . . . with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination' based on protected grounds including religion.'" SAC ¶ 186. And Count III also alleges discriminatory statement under the Florida Fair Housing Act., Fla. Stat. § 760.23(3). SAC ¶ 201. Because the FHA and FFHA are "substantively identical," the same legal analysis applies to Plaintiffs' FHA and FFHA claims. *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277, 1285 (11th Cir. 2014).

As evidence of a discriminatory statement, Plaintiffs point to one allegedly made by Peter Lash, President of the Board, who "stated that the reason for the Defendant's refusal to provide a Shabbos elevator was: 'Residents don't want to change the tenor of the building.'" SAC ¶¶ 188,

204. The primary disagreement between Plaintiffs and Defendant is whether § 3604(c) applies to post-acquisition conduct and whether the alleged discriminatory remarks were made in connection with Plaintiffs' purchase of their unit. *See* Mot. at 4. Specifically, Defendant avers that § 3604(c) only applies where the claims relate to the buying, selling, or leasing of housing. Mot. at 4–5 (noting how 42 U.S.C. § 3604(c) and Fla. Stat. § 760.23(3) make it unlawful to "make . . . any . . . statement . . . with *respect to the sale or rental of a dwelling* that indicates any preference, limitation, or discrimination based on . . . religion . . . ."). And "§ 3604(c) is quite narrow and only applies to 'statements made by a person engaged in the sale or rental of a dwelling.'" *Id*. (quoting *Sabal Palm Condo. of Pine Is. Ridge Ass'n v. Fischer*, No. 12–60691, 2014 WL 988767, at *19 (S.D. Fla. Mar. 13, 2014)). Thus, according to Defendant, Plaintiffs fail to state a claim under § 3604(c) because "Plaintiffs already owned their unit at the time Mr. Lash's comments were made" and "Plaintiffs do not allege Mr. Lash's statement was made with respect to the sale of their dwelling." *Id*. at 5.

The Court agrees with Defendant—as well as "[n]umerous courts [that] have held [ ] a § 3604(c) claim requires that the allegedly discriminatory statement be made in connection with the sale or rental of a dwelling." *Sabal Palm Condo. of Pine Is. Ridge Ass'n*, 2014 WL 988767, at *19 (collecting cases). Indeed, "[t]he plain language of Section 3604(c) indicates that to create liability either a sale or rental of a dwelling needs to occur or at least be potentially occurring." *Gourlay v. Forest Lake Ests. Civic Ass'n of Port Richey, Inc*., 276 F. Supp. 2d 1222, 1234 (M.D. Fla. 2003), *vacated due to settlement*, 2003 WL 22149660, at *1 (M.D. Fla. September 16, 2003). This is reinforced by "[the Department of Housing and Urban Development's] regulation [which] suggests that Section 3604(c) is limited to discriminatory advertisements, statements, and notices related to a sale or rental of a property." *Id*. (citing 24 C.F.R. § 100.75 ("The prohibitions in this

section shall apply to all written or oral notices or statements by a person *engaged in the sale or rental of a dwelling*." (emphasis added)).

Here, Plaintiffs fail to state a claim under § 3604(c). Plaintiffs purchased their unit in May 2018 and have resided there since 2021. SAC ¶¶ 26–27. And while Plaintiffs do not specify the exact date the alleged statement was made by Mr. Lash, it is undisputed that it occurred *after* Defendant refused to provide Plaintiffs a Shabbos elevator—an event which occurred well after the sale. SAC ¶ 104. And the Court agrees with Defendant that "Plaintiffs do not allege Mr. Lash's statement was made with respect to the sale of *their* dwelling [nor do they] allege that Mr. Lash or Defendant was engaged in the sale of Plaintiffs' or any other dwelling." Mot. at 5.

The cases to which Plaintiffs cite are inapposite. *See* Resp. at 7. In *Richards v. Bono*, the Court found that § 3604(c) extends to post-acquisition conduct in the context of a rental agreement only, noting that "*[u]nlike a sale*, rental arrangement involves an ongoing relationship . . . [and] the use of that term [] means that the statute prohibits discrimination at any time during the landlord/tenant relationship, including after the tenant takes possession of the property." *Richards v. Bono*, No. 5:04CV484-OC-10GRJ, 2005 WL 1065141, at *3, 7 (M.D. Fla. May 2, 2005) (emphasis added). Similarly, in *Noah v. Assor*, the Court relied on *Richards*, distinguishing between post-acquisition conduct in the context of sales versus rentals, given the ongoing relationship contemplated by a rental agreement. 379 F. Supp. 3d 1284, 1297 (S.D. Fla. 2019). The other cases cited by Plaintiffs are either distinguishable or do not stand for the proposition Plaintiffs assert. *Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 711–714 (9th Cir. 2009) (analyzing post-acquisition claims in the context of § 3604(b) only); *Harris v. Itzhaki*, 183 F.3d 1043, 1055 (9th Cir. 1999) (noting that "[i]f the remark is unrelated to the [sale or rental] decisional process, then it is insufficient to show discrimination" under § 3604(c)). And, in any event, these out-of-district cases are not binding on this Court.

Nor is the Court persuaded by Plaintiffs' reliance on *Georgia State Conf. of the NAACP v. City of LaGrange*, 940 F.3d 627, 632 (11th Cir. 2019). Plaintiffs reason that *LaGrange*, which held that § 3604(b) encompasses some post-acquisition discrimination in the provision of services or facilities, so long as the services or facilities have a direct connection to the sale of a dwelling, must be extended to § 3604(c). Resp. at 6. But §§ 3604(b) and (c) are not identical, as Plaintiffs suggest. *Id*. (explaining that "sections 3604(b) and (c) contain the same language"). Section 3604(b) makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the *provision of services* or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b) (emphasis added). Notably, the text of § 3604(c) does *not* mention services, and the Eleventh Circuit's carve out for post-acquisition conduct in *LaGrange* related to the provision of services *only*. *LaGrange*, 940 F.3d at 632–33, 635 ("Our opinion is limited *solely* to the determinations that § 3604(b) encompasses some post-acquisition conduct and that the basic utility services in question here fall within the scope of services covered by § 3604(b)." (emphasis added)).

In addition to the statement by Mr. Lash, Plaintiffs point to numerous other statements made by residents of the building. *See* Resp. at 7–8. But none of these statements were clearly made in connection with the sale or rental of a dwelling, and several of them simply cannot be imputed to Defendant. *Id*. (quoting statements from board member's wife and unnamed residents in the building). And, in any event, Plaintiffs fail to "address how the statements impacted Plaintiffs' purchase[.]" Reply at 5. Further, "[g]iven the chronology, Plaintiffs do not and cannot allege they suffered a distinct and palpable injury proximately caused by Defendant's conduct." *Id*. Thus, as the Court discussed in its prior Order in relation to § 3604(a), "all of Plaintiffs' allegations in support of their claim for relief [] stem from alleged discriminatory conduct that

occurred years after Plaintiffs purchased their dwelling. Plaintiffs fail to allege that such conduct related to the buying or selling of their unit." Order at 14. Accordingly, Plaintiffs have failed to state a claim pursuant to § 3604(c), warranting dismissal of Counts I and III.[3]

**III. Plaintiffs fail to state a claim under 42 U.S.C. § 3617.**

Count II alleges that "Defendant's discrimination against Plaintiffs because of their Orthodox Jewish religion has interfered with Plaintiffs' enjoyment of their dwelling and common areas in the Building." SAC ¶ 195. Section 3617 makes it unlawful:

> to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected under this section.

42 U.S.C. § 3617. Notably, this section does not require proof of a violation of §§ 3603–3606 to establish liability. *See Gourlay*, 276 F. Supp. 2d at 1235 (citing *Sofarelli v. Pinellas County*, 931 F.2d 718, 722 (11th Cir. 1991)). As the Court explained in its Order, "[t]o prove a claim under § 3617, a plaintiff must demonstrate that:

> (1) a defendant coerced, intimidated, threatened or interfered; (2) with a (a) plaintiff's exercise of a right under Sections 3603–3606; (b) plaintiff's enjoyment of a housing right after exercise of that right; or (c) plaintiff's aid or encouragement to a protected person to exercise or enjoy a housing right; (3) because of discriminatory animus.

*Lawrence v. Courtyards at Deerwood Ass'n, Inc.*, 318 F. Supp. 2d 1133, 1143–44 (S.D. Fla. 2004) (quoting *Gourlay*, 276 F. Supp. 2d at 1235). "[T]he Eleventh Circuit has not prescribed the precise

---

[3] Additionally, the Court is not persuaded by Plaintiffs' argument that the Second Amended Complaint "has pleaded both a redlining theory—a quintessential conduct 'with respect to the sale or rental of a dwelling'—and a concrete effect that the statements directly had on the sale of Units", relying on *Bloch v. Frischholz*, 587 F.3d 771, 778-79 (7th Cir. 2009). *See* Resp. at 9. As the Court explained in its Order, "[n]ot only is this out-of-circuit case the framework set forth in *Bloch*." Order at 14 n.5. And the Court once again rejected this argument in its Order Denying Plaintiffs' Motion for Reconsideration. [ECF No. 79] at 4.

magnitude of conduct required by § 3617." *Noah*, 379 F. Supp. 3d at 1289 (quoting *Dulworth Family L.P. v. 400 LA Peninsula Condo. Ass'n, Inc.*, No. 2:11–cv–00584–UA–DNF, 2012 WL 11794802, at *3 (M.D. Fla. July 23, 2012)). However, "district courts in the Eleventh Circuit agree that Section 3617 'extends only to discriminatory conduct so severe or pervasive that it will have the effect of causing a protected person to abandon the exercise of his or her housing rights.'" *Id*. at 1289 (quoting *Lawrence*, 318 F. Supp. 2d at 1144). And in the absence of a §§ 3603–3606 violation, the discriminatory conduct "must be pervasive and severe enough to be considered as threatening or violent." *Lawrence*, 318 F. Supp. 2d at 1145 (citing *Gourlay*, 276 F. Supp. 2d at 1236).

Plaintiffs allege that "Defendant's discrimination . . . has interfered with Plaintiffs' enjoyment of their dwelling and common areas in the Building" and that "Defendant has caused the Plaintiffs to sustain and continue to sustain direct injuries including, but not limited to, being barred from the full use and enjoyment of their residence located in the Building and the Building's common areas, as guaranteed by the Fair Housing Act." SAC ¶¶ 195–198. The Court previously dismissed this count with leave to amend, noting that "none of the allegations in the Amended Complaint come close to alleging conduct that was so pervasive and severe that it caused Plaintiffs to abandon the exercise of their housing rights—much less conduct that could be considered threatening or violent." Order at 20.

Defendant now contends that "Plaintiffs have not added any allegations to the Second Amended Complaint of conduct that comes anywhere close to threatening or violent." Mot. at 7. Defendant specifically highlights the fact that "[n]one of the alleged remarks were said to Plaintiffs, or even said in their presence . . . [and that] all of the remarks quoted in the Second Amended Complaint were made to other, *unidentified* residents." *Id*. And, according to Defendant, Plaintiffs "vaguely and conclusorily say they 'feel forced and coerced to sell their

Unit.' . . . [without] alleg[ing] that they are actually trying to sell their unit or ever intending to do so." *Id*.

Review of the Second Amended Complaint reveals that Plaintiffs cannot state a § 3617 claim. For the reasons discussed herein, Plaintiffs have failed to plead facts sufficient to support a § 3604(c) claim. Accordingly, the Court analyzes only whether a § 3617 claim can be maintained independently of a §§ 3603–3606 violation.[4] In contrast to conduct which suffices to state an independent § 3617 claim such as "cross-burning, fire-bombing and other similarly overt discriminatory acts designed to intimidate, coerce, or interfere with housing rights", Plaintiffs' allegations at most establish an "unfortunate skirmish[] between neighbors, tinged with discriminatory overtones or occasional discriminatory comments." *Lawrence*, 318 F. Supp. 2d at 1145 (quotation omitted). But "[n]othing in the text of the FHA or the case law interpreting it indicates that Congress intended to federalize th[at] latter type of dispute." *Id*. Plaintiffs at most allege that Mr. Lash and another member of the Board made an insensitive comment. Other residents may have also made discriminatory comments, conduct which "Plaintiff has not sufficiently alleged [] was endorsed or approved in any way by the [Board]." *See Truesdale v. Venice Arms, Inc.*, 713 F. Supp. 3d 1350, 1358 (S.D. Fla. 2024) (holding that "it is clear that the Amended Complaint does not adequately state a claim under section 3617 as currently pleaded.").

Plaintiffs attempt to save their claim by arguing that "pervasive and severe enough to be considered as threatening or violent" should not be the standard, and that the Eleventh Circuit has declined this approach. Resp. at 15. But the Eleventh Circuit case cited by Plaintiffs, *Atchison v.*

[4] As Defendant notes, "Plaintiffs inexplicably spill more than two pages of ink arguing that they can bring an independent claim under § 3617." Reply at 8. But "Defendant[] do[es] not dispute that a § 3617 claim (when properly pleaded) can stand on its own"; it only asserts that "Plaintiffs' § 3617 does not meet the minimum standard." *Id*. The Court agrees with both parties that a § 3617 claim can be maintained independently of a claim under §§ 3603–3606. *See supra* p. 7 (citing *Gourlay*, 276 F. Supp. 2d at 1235).

*Bd. of Regents of Univ. Sys. of Georgia*., concerned an entirely different issue—"the proper standard for evaluating an ADA anti-interference claim"—which is not at all relevant to the instant case. 802 F. App'x 495, 508 (11th Cir. 2020). And Plaintiffs then attempt to argue that Defendant's conduct constitutes interference, relying on a definition of interference that was never endorsed by the Eleventh Circuit. *Id*. at 509. In sum, Plaintiffs' allegations once again fall short of stating a valid claim under § 3617.

**CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, [ECF No. 69], is **GRANTED**.

2. Plaintiff's Second Amended Complaint, [ECF No. 66], is **DISMISSED *with prejudice***. *See Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.,* 673 F. App'x 925, 930 (11th Cir. 2016) ("We have never required district courts to grant counseled plaintiffs more than one opportunity to amend a deficient complaint, nor have we concluded that dismissal with prejudice is inappropriate where a counseled plaintiff has failed to cure a deficient pleading after having been offered ample opportunity to do so.").

3. Any other pending motions are **DENIED AS MOOT**.

4. The Clerk of Court is directed to mark this case **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 18th day of September, 2026.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**